IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| NATHANIEL YBARRA; | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | § CIVIL ACTION NO. |
| | § |
| MARK HOGAN, JR.; FA TITLE | § |
| TRUST; P&S TRANSPORTATION, | § |
| LLC D/B/A P&S TRANSPORTATION; | § |
| AND PS LOGISTICS, LLC; | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Nathaniel Ybarra, Plaintiff complaining of Defendants Mark Hogan, Jr., FA Title Trust, P&S Transportation, LLC d/b/a P&S Transportation, and PS Logistics, LLC.

## PARTIES

1. Plaintiff Nathaniel Ybarra is an individual resident of Fort Worth, Tarrant County, Texas. His driver's license number is *****664 and his social security number is ***-**-*678.

2. Defendant Mark Hogan, Jr. is an individual resident of Dublin, Erath County, Texas and may be served with process at 1041 N. Patrick Street, Apt. 102, Dublin, Texas 76446.

PLAINTIFF'S ORIGINALCOMPLAINT – Page 1

3. Defendant FA Title Trust is a corporation doing business in Wilmington, New Castle County, Delaware and may be served with process by serving its registered agent for service, National Registered Agent, Inc., 155 Federal Street, Suite 700, Boston, MA 02110.

4. Defendant P&S Transportation, LLC d/b/a P&S Transportation is a corporation doing business in Austin, Travis County, Texas and may be served with process by serving its registered agent for service, Corporation Service Company dba CSC - Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701.

5. Defendant PS Logistics, LLC is a corporation doing business in Wilmington, New Castle County, Delaware and may be served with process by serving its registered agent for service, Corporation Service Company at 251 Little Falls Drive, Wilmington, Delaware 19808.

## IV.  JURISDICTION AND VENUE

6. This Court has jurisdiction over the non-resident Defendants because Defendants were doing business in the State of Texas, and have continuing business contacts within the State of Texas.

7. Venue of this case is proper in the Fort Worth division of the Northern District of Texas because Defendant Mark Hogan, Jr. resides in Erath County, Texas, located within the boundaries of the Fort Worth division of the Northern District of Texas.

8. Plaintiff's damages are in excess of the minimum jurisdictional limits of $75,000.

## FACTUAL BACKGROUND

9. This lawsuit arises out of a motor vehicle collision that occurred on or about Tuesday, January 7, 2020 on US 287 near County Line Road outside the city limits of Electra, Wilbarger County, Texas.  Plaintiff Nathaniel Ybarra was operating his vehicle following a paint striper eastbound on US 287.  Defendant Mark Hogan, Jr. was operating his 18-wheeler behind Plaintiff's vehicle in the same lane and headed in the same direction.  Defendant Mark Hogan, Jr. was distracted by cell phone usage, failed to slow and/or stop, and collided hard with the back of Plaintiff's vehicle.  As a result of the collision, Plaintiff was injured and continues to suffer injuries and damages from this incident.

## CAUSES OF ACTION

**A.   NEGLIGENCE – DEFENDANT MARK HOGAN, JR.**

10. At the time of the motor vehicle collision, Defendant Mark Hogan, Jr. was operating his 18-wheeler negligently.  Specifically, Defendant had a duty to exercise ordinary care and operate his 18-wheeler reasonably and prudently. Defendant breached that duty in one or more of the following respects:

- a. Defendant failed to keep such proper lookout and attention to the roadway as a person or ordinary prudence would have kept under the same or similar circumstances;

- b. Defendant failed to keep an assured safe distance from Plaintiff's vehicle;

- c. Defendant failed to timely apply the brakes of his 18-wheeler in order to avoid the collision in question;

- d. Defendant failed to control his speed;

- e. Defendant failed to safely operate his tractor-trailer; and

    f.        Defendant failed to have or apply all his mental faculties because he was distracted by cell phone usage.

**B.    GROSS NEGLIGENCE – CELL PHONE USE OF DEFENDANT MARK HOGAN, JR.**

11. In addition to actual damages, Plaintiff seeks to recover exemplary or punitive damages from Defendant because Defendant's conduct was of such character as to constitute gross negligence. Defendant's actions in connection with the collision involved an extreme degree of risk considering the probability and magnitude of the potential harm to Plaintiff and to other users of the public roadways.  Defendant had actual subjective knowledge of the risk involved but nevertheless acted in conscious indifference to the rights, safety, and welfare of others, including the Plaintiff, when the Defendant chose to operate a vehicle while using a cell phone at the time of the collision.

**C.    NEGLIGENT ENTRUSTMENT – DEFENDANTS FA TITLE TRUST, P&S TRANSPORTATION, LLC D/B/A P&S TRANSPORTATION AND PS LOGISTICS, LLC**

12. As an additional cause of action, Plaintiff would show that at the time and on the occasion in question, Defendants FA Title Trust, P&S Transportation, LLC d/b/a P&S Transportation and PS Logistics, LLC were the owners of the vehicle driven by Defendant Mark Hogan, Jr. Defendants FA Title Trust, P&S Transportation, LLC d/b/a P&S Transportation and PS Logistics, LLC entrusted the vehicle to Defendant Mark Hogan, Jr. Defendant Mark Hogan, Jr. was unlicensed, incompetent, and/or reckless and Defendants FA Title Trust, P&S Transportation, LLC d/b/a P&S Transportation and PS Logistics, LLC knew or should have known that Defendant Mark Hogan, Jr. was unlicensed,

incompetent, and/or reckless.  Defendant Mark Hogan, Jr.'s negligence on the occasion in question proximately caused the collision.

### D.  RESPONDEAT SUPERIOR – DEFENDANTS FA TITLE TRUST, P&S TRANSPORTATION, LLC D/B/A P&S TRANSPORTATION AND PS LOGISTICS, LLC

13. Additionally, Plaintiff would show that at the time and on the occasion complained of, Defendant Mark Hogan, Jr. was in the course and scope of his employment with Defendants FA Title Trust, P&S Transportation, LLC d/b/a P&S Transportation and PS Logistics, LLC thereby making Defendants FA Title Trust, P&S Transportation, LLC d/b/a P&S Transportation and PS Logistics, LLC liable under the doctrine of *Respondeat Superior*.

### E.  NEGLIGENCE – DEFENDANTS FA TITLE TRUST, P&S TRANSPORTATION, LLC D/B/A P&S TRANSPORTATION AND PS LOGISTICS, LLC

14. Defendants FA Title Trust, P&S Transportation, LLC d/b/a P&S Transportation and PS Logistics, LLC failed to properly train and/or supervise Defendant Mark Hogan, Jr. in order to prevent collisions such as the one in question.

15. Each of the above and foregoing acts and omissions, singularly or in combination, constituted the negligence that was the proximate cause of the motor vehicle collision and consequently the injuries and damages of Plaintiff.

## DAMAGES

16. As a proximate result of Defendants' negligence, Plaintiff suffered extensive injuries and damages. As a result of Plaintiff's injuries, Plaintiff suffered the following damages:

    a.    Medical expenses in the past and future;

    b.    Lost wages in the past and loss of earning capacity in the future;

    c.    Disfigurement;

    d.    Physical impairment in the past and future;

    e.    Physical pain and suffering in the past and future; and

    f.    Mental anguish in the past and future.

## JURY TRIAL

17. Plaintiff demands a trial by jury and includes the appropriate jury fees.

## RELIEF

18. WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein, and that upon final hearing thereof, Plaintiff recover judgment against Defendants for:

    a.    Plaintiff's past medical expenses, which are reasonable and customary for the medical care received by Plaintiff;

    b.    Plaintiff's future medical expenses;

    c.    Plaintiff's lost wages in the past and loss of earning capacity in the future;

    d.    Plaintiff's disfigurement;

    e.    Plaintiff's physical pain and suffering in the past and future in an amount to be determined by the jury;

    f.    Plaintiff's mental anguish in the past and future in an amount to be determined by the jury;

    g.    Plaintiff's physical impairment in the past and future in an amount to be determined by the jury;

    h.    Interest on the judgment at the legal rate from the date of judgment;

    i.      Pre-judgment interest on Plaintiff's damages as allowed by law;

    j.      All costs of court; and

    k.      Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

BY: */s/ Rob Loar*
**ROB LOAR**
State Bar No. 24081007
rob.loar@witheritelaw.com
**SHELLY GRECO**
State Bar No. 24008168
shelly.greco@witheritelaw.com
**WITHERITE LAW GROUP, PLLC**
10440 N. Central Expressway
Suite 400
Dallas, TX 75231-2228
214/378-6665
214/378-6670 (fax)

**ATTORNEYS FOR PLAINTIFF**